**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARK CALERO,

        Plaintiff,

                                         Case No. 1-21-cv-00637-LF-SCY

VS.

CORECIVIC OF TENNESSEE, INC.,

        Defendant.

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES ARISING FROM WRONGFUL TERMINATION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND TORTIOUS INTERFERENCE WITH EMPLOYMENT/PRIMA FACIE TORT**

Defendant CORECIVIC OF TENNESSEE, LLC ("CCT"), improperly named as CORECIVIC OF TENNESSEE, INC., hereby answers Plaintiff Mark Calero's Complaint as set forth below.

**JURISDICTION AND VENUE**

1.      In response to the allegations in ¶ 1 of Plaintiff's Complaint, CCT admits that Plaintiff alleges that certain unlawful events occurred in Torrance County, New Mexico and that this action arises from the common law of the State of New Mexico, but denies that it committed any unlawful acts or that it is liable to Plaintiff in connection with any of the causes of action alleged in Plaintiff's Complaint or otherwise.

2.      CCT admits that the parties were engaged in an employment relationship as alleged in ¶ 2 of Plaintiff's Complaint until CCT terminated Plaintiff's employment on June 4, 2020 for violating the company's Code of Ethics policy.

**PARTIES**

3.    CCT admits that Plaintiff is a former CCT employee as alleged in ¶ 3 of Plaintiff's Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that he is a resident of Torrance County.

4.    CCT admits the allegations in ¶ 4 of Plaintiff's Complaint.

5.    CCT admits the allegations in ¶ 5 of Plaintiff's Complaint.

**BACKGROUND FACTS/GENERAL AVERMENTS**

6.    CCT admits the allegations in ¶ 6 of Plaintiff's Complaint.

7.    CCT admits the allegations in ¶ 7 of Plaintiff's Complaint.

8.    CCT admits the allegations in ¶ 8 of Plaintiff's Complaint.

9.    CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 of Plaintiff's Complaint.

10.    CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 of Plaintiff's Complaint.

11.    CCT admits that Plaintiff was out on PTO on May 15, 2020, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 11 of Plaintiff's Complaint.

12.    CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of Plaintiff's Complaint.

13.    CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13 of Plaintiff's Complaint.

14.    CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14 of Plaintiff's Complaint.

15.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15 of Plaintiff's Complaint and affirmatively alleges that Human Resources was unsuccessfully attempting to reach Plaintiff during this time period.

16.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16 of Plaintiff's Complaint, but admits that it was trying to reach Plaintiff during this time period.

17.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17 of Plaintiff's Complaint.

18.      CCT denies the allegations in ¶ 18 of Plaintiff's Complaint.

19.      CCT denies the allegations in ¶ 19 of Plaintiff's Complaint and affirmatively alleges that Plaintiff never reported any noncompliance to CCT.

20.      CCT denies the allegations in ¶ 20 of Plaintiff's Complaint.

21.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 of Plaintiff's Complaint.

22.      CCT admits the allegations in ¶ 22 of Plaintiff's Complaint.

23.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 of Plaintiff's Complaint, but admits that Plaintiff was openly carrying a firearm at the protest on June 1, 2020.

24.      CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 24 of Plaintiff's Complaint.

25.      CCT admits the allegations in ¶ 25 of Plaintiff's Complaint.

26.      CCT admits that a photograph of Plaintiff holding an assault weapon was attached to the news article, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 26 of Plaintiff's Complaint.

27.     CCT admits the allegations in ¶ 27 of Plaintiff's Complaint.

28.     CCT denies the allegations in ¶ 28 of Plaintiff's Complaint.

29.     CCT admits the allegations in ¶ 29 of Plaintiff's Complaint.

30.     CCT denies the allegations in ¶ 30 of Plaintiff's Complaint.

31.     CCT admits that Plaintiff's supervisor did not have any discussion with Plaintiff about the June 1 protest, but denies the remaining allegations in ¶ 31 of Plaintiff's Complaint.

32.     CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 32 of Plaintiff's Complaint.

33.     CCT denies the allegations in ¶ 33 of Plaintiff's Complaint.

34.     CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34 of Plaintiff's Complaint.

35.     CCT is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35 of Plaintiff's Complaint.

36.     The allegations in ¶ 36 of Plaintiff's Complaint set forth a legal conclusion to which no response is required.

37.     CCT denies the allegations in ¶ 37 of Plaintiff's Complaint.

38.     CCT denies the allegations in ¶ 38 of Plaintiff's Complaint.

39.     CCT denies the allegations in ¶ 39 of Plaintiff's Complaint.

## COUNT I
## COMMON LAW WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY

40.     CCT realleges and incorporates its responses to each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

41.     CCT denies the allegations in ¶ 41 of Plaintiff's Complaint.

42.     CCT denies the allegations in ¶ 42 of Plaintiff's Complaint.

43.    CCT denies the allegations in ¶ 43 of Plaintiff's Complaint.

44.    CCT denies the allegations in ¶ 44 of Plaintiff's Complaint.

45.    CCT denies the allegations in ¶ 45 of Plaintiff's Complaint.

## COUNT II
## BREACH OF CONTRACT

46.    CCT realleges and incorporates its responses to each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

47.    CCT denies the allegations in ¶ 47 of Plaintiff's Complaint.

48.    CCT denies the allegations in ¶ 48 of Plaintiff's Complaint.

49.    CCT denies the allegations in ¶ 49 of Plaintiff's Complaint.

50.    CCT denies the allegations in ¶ 50 of Plaintiff's Complaint.

## COUNT III
## BREACH OF THE CONENANT FOOD FAITH AND FAIR DEALING

51.    CCT realleges and incorporates its responses to each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

52.    CCT denies the allegations in ¶ 52 of Plaintiff's Complaint.

53.    CCT denies the allegations in ¶ 53 of Plaintiff's Complaint.

54.    CCT denies the allegations in ¶ 54 of Plaintiff's Complaint.

## COUNT IV
## MALICIOUS INTERFERENCE WITH EMPLOYMENT/PRIMA FACIE TORT

55.    CCT realleges and incorporates its responses to each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

56.    CCT denies the allegations in ¶ 56 of Plaintiff's Complaint.

57.    CCT denies the allegations in ¶ 57 of Plaintiff's Complaint.

58.    CCT denies the allegations in ¶ 58 of Plaintiff's Complaint.

59.     CCT denies the allegations in ¶ 59 of Plaintiff's Complaint.

60.     CCT denies the allegations in ¶ 60 of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted as described in the Court's Order dated April 28, 2021 granting CCT's Motion to Dismiss the very same claims that Plaintiff is once again asserting against CCT in this action. A copy of Plaintiff's Complaint, which the Court dismissed in its Order dated April 28, 2021, is attached as **Exhibit 1** to CCT's Notice of Removal and a copy of the Court's Order and Judgment are attached as **Exhibits 3 and 4** to CCT's Notice of Removal to Civil Action and are incorporated in CCT's Answer by this reference.

2.     Plaintiff's Complaint is barred, in its entirety, by the doctrine of res judicata.

3.     Discovery may reveal additional defenses and CCT hereby reserves the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered on Plaintiff's Complaint for CCT on all claims, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2.     That Plaintiff take nothing from his Complaint;

3.     That the Court award CCT the costs and attorneys' fees it incurred in having to defend against Plaintiff's Complaint under 28 U.S.C. § 1927 and/or the Court's inherent authority to issue sanctions; and

4.     For such other and further relief as the Court deems just and proper.

DATED this 19th day of July 2021.

Respectfully Submitted,

LITTLER MENDELSON, P.C.

*/s/ R. Shawn Oller*

R. Shawn Oller (N.M. Bar No. 8787)
soller@littler.com
Peter C. Prynkiewicz (*pro hac vice* forthcoming)
PPrynkiewicz@littler.com
Camelback Esplanade
2425 East Camelback Road. Suite 900
Phoenix, AZ  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)

ATTORNEYS FOR DEFENDANT
CORECIVIC OF TENNESSEE, LLC

I hereby certify that a copy of the foregoing document was served via electronic mail on this 19th day of July 2021 on all counsel of record as follows:

A. Blair Dunn
Jared R. Vander Dussen
WESTERN AGRICULTURE, RESOURCE AND BUISNESS ADVOCATES, LLP
400 Gold St. SW, Suite 1000
Albuquerque, NM 87102
(505)750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com
*Attorneys for Plaintiff*

*/s/R. Shawn Oller*

4841-1211-0320.1 / 057737-1139